IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH STAFFORD,

        Petitioner,

v.                                  CIV 09-0324-MV-GBW

ANTHONY A.  ROMERO, Warden,
WNMCF, ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

        Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Kenneth Stafford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed April 1, 2009 (*Doc. 1*), and Respondents answer, filed May 8, 2009 (*Doc. 7*).  Since Mr. Stafford filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *E.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008).  All of the issues can be resolved on the record before me, and, therefore, an evidentiary hearing is unnecessary.  *Sandoval v. Ulibarri*, 548 F.3d 902, 915-16 (10th Cir. 2008).   After a careful review of the record and pleadings in this case, the Court recommends Mr. Stafford's petition be denied for failure to state a cognizable claim upon which habeas relief could be granted.

PROCEDURAL BACKGROUND

On June 27, 2007, Mr. Stafford entered a plea of no contest pursuant to a Repeat

Offender Plea and Disposition Agreement.  *Doc. 8*, Exhibit B.  This plea agreement

consolidated two pending criminal cases against Mr. Stafford in the Second Judicial

District, Bernalillo County: 1) Cause No. CR-2005-4538; and 2) Cause No. CR-2005-5371.

*Id.*, Exhibit C.  The terms[1] of the plea agreement required Mr. Stafford to plead no

contest to one count of residential burglary, a third degree felony, and one count of

conspiracy to commit receiving or transferring a stolen vehicle (possession), a fourth

degree felony, as well as an admission of identity by Mr. Stafford for three other crimes

committed in 1995.  *Id.*, Exhibit B.  In exchange, the state agreed to dismiss the

remaining counts of CR-2005-4538 and CR-2005-5371, they agreed not to bring habitual

offender proceedings against Mr. Stafford, and agreed to refer Mr. Stafford to the

_____

[1] The copy of the plea agreement in the record contains two written alterations to
it.  Both of these alterations are initialed "T.K."  The Court concludes that these initials
represent a signing by Terri Keller, the state prosecutor in the case.  The first alteration
changes Mr. Stafford's requisite plea from "Guilty" to "No Contest."  The second
alteration adds the following language under the Sentencing Agreement of the Terms
section: "The State agrees to refer Defendant to the JSP program; if not eligible, a PSR
will be ordered and a sentencing date set."

Both alterations benefit Mr. Stafford and the state does not dispute the validity of
these markings.  Since contract principles govern plea agreements, *U.S. v. Hahn*, 359
F.3d 1315, 1325 (10th Cir. 2004), and the Court will strictly construe the agreement
against the state, *see Rowe v. Griffin*, 676 F.2d 524, 526 n. 4 (11th Cir. 1982), the alterations
are viewed as part of the binding plea agreement between Mr. Stafford and the state.

2

Judicial Supervision Program ("JSP").[2]  *Id.*  If Mr. Stafford was found to be ineligible for

JSP, a Parole Status Report would be ordered and a sentencing date set.  *Id.*

   The record indicates that the trial court judge initially set the sentencing hearing

for August 24, 2007.  *Doc. 8*, Exhibit F at 12.  However, Mr. Stafford's sentencing hearing

did not occur on this date, and, since there is no other mention of this date in the record,

it is unclear whether the hearing was rescheduled, or Mr. Stafford failed to show up for

it.  In any event, the sentencing hearing was reset for December 19, 2007, but Mr.

Stafford failed to appear on that date for the hearing and a warrant was issued.  *Id.*,

Exhibit E.

   Prior to his sentencing hearing, the Pretrial Services Division of the Second

Judicial District of New Mexico found Mr. Stafford ineligible for JSP.  *Doc. 8*, Exhibit D.

The document evidencing this ineligibility reads:

> After careful investigation and review, this defendant does not meet
> Pretrial Services eligibility criteria based on Rule 5-401 Rules of Criminal
> Procedure for the District Court, Article 4, Release Provision as follows:
>  . . .
> [ x ]    5-401 B.  5.  Failure to Appear history (Extensive Criminal History).

---

[2] JSP is a mental health court piloted by the Second Judicial District Court and
Pretrial Services Division of New Mexico in conjunction with the District Attorney's and
Public Defender's office.  The focus of the program is to decriminalize individuals with
mental health disorders while providing an avenue for accountability, treatment,
quality of life and public safety.  Face to face interviews determine eligibility and
participation is voluntary.  Information taken from
http://joo.nmcourts.gov/joomla/pscourts/index.php/document-library/doc_download/3
4-directory.

*Id.*[3]

Mr. Stafford's sentencing hearing finally occurred on March 10, 2008.  *Doc. 8,*

Exhibit F at 14.  During this hearing, Mr. Stafford's counsel informed the court that Mr.

Stafford was not notified about the time or location of his interview with JSP, and, as a

result, he missed his eligibility interview.  *Id*. at 15-18.  The judge sentenced Mr. Stafford

to three years on the charge of residential burglary and eighteen months on the charge

of conspiracy to commit receiving or transferring a stolen vehicle, which were to run

consecutive to each other.  *Id.* at 20.

No direct appeal was taken and Mr. Stafford filed a petition for habeas corpus in

state district court on August 5, 2008.  *Doc. 8,* Exhibit F at 1-3.  On August 13, 2008, Mr.

Stafford's petition was denied (*Id.*, Exhibit G), and he filed a petition for Writ of

Certiorari to the New Mexico Supreme Court on September 17, 2008 (*Id.*, Exhibit H).  On

September 30, 2008, the New Mexico Supreme Court denied Mr. Stafford's petition (*Id.*

at Exhibit I), and he then filed his federal habeas petition in this Court on April 1, 2009

(*Doc. 1*).

In his federal petition, Mr. Stafford alleges that his plea was "unlawfully induced

by an unkept promise in violation of the fourth, fifth, sixth, eighth, and fourteenth

---

[3] The document is dated September 13, 2007 and was issued by Ms. Sandra
Sedillo, a Pretrial Specialist with the Pretrial Services Division of the Second Judicial
District of New Mexico.  The document provides four other possible selections for
denying eligibility which are not checked as bases for finding Mr. Stafford ineligible.

Amendments to the U.S. Constitution." *Doc. 1* at 6.  Specifically, Mr. Stafford contends

the following: (1) he never received notice of an interview to take place with JSP; (2)

because he was not given a second chance to interview for the program, his due process

rights were violated; (3) the state failed to live up to its end of the plea agreement; and

(4) during sentencing, the state court incorrectly found Mr. Stafford ineligible for JSP by

depending on the hearsay statements of a District Attorney, not originally involved in

the case. *Id.* at 6-7.

ANALYSIS

Mr. Stafford fails to state a cognizable claim for habeas relief in this Court.  A

district court can entertain an application for a writ of habeas corpus only on the

ground that the applicant is in custody in violation of the Constitution or law or treaties

of the United States.  28 U.S.C. § 2254(a).  All of Mr. Stafford's claims center around the

fact that he was not allowed to participate in JSP.  In order to prevail, Mr. Stafford must

show one of the following: (1) the refusal to allow him to participate in JSP violated the

terms of his plea agreement; (2) he had an personal entitlement to participate in JSP

independent of his plea agreement; or (3) his sentencing hearing was conducted in an

unlawful fashion.  Because he cannot establish any of these alternatives, Mr. Stafford

fails to state a cognizable claim for habeas relief.

1.   Alleged Violation of Plea Agreement:

Mr. Stafford alleges that his plea was "induced by an unkept promise" from the

5

state.  While Mr. Stafford does not explicitly identify the "unkept promise," it appears from reviewing the petition that petitioner is referring to the fact that he was not allowed to participate in JSP.

Due process requires "that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971); *see also Mabry v. Johnson*, 467 U.S. 504, 508-11 (1984) (noting consensual elements of knowing and intelligent plea require defendant to have a fair understanding of plea bargain's consequences).  Consequently, I must examine the precise nature of the promise in the plea agreement relating to JSP.

In relevant part, the plea agreement reads: "The State **agrees to refer** Defendant to the JSP program; **if not eligible**, a PSR will be ordered and a sentencing date set." *Doc. 8*, Exhibit B (emphasis added).  By its terms, therefore, Mr. Stafford was promised only a referral to, as opposed to participation in, JSP.  This key distinction is particularly clear here where the plea agreement provides for what would happen if petitioner was not eligible for the program.

This understanding of the promise relating to JSP is reinforced by the discussion at the plea hearing:

Ms. Keller:[4]            Judge, what we've done, we're going to plead to two
                         cases.  He's going to plead to residential burglary and
                         - - in 05-4538 and conspiracy to commit receiving or
                         transferring stolen vehicle in 05-5371.

                         He's admitting his identity to two prior felony
                         convictions, only one of which is usable in the last ten
                         years.  We are not pursuing the habitual offender
                         against the defendant.

                         We're also agreeing to refer this case to the JSP
                         Program.  If he's not eligible for JSP, a PSR will be in
                         order and sentencing set at that time. We'll come back
                         here if JSP can't take him.

Ms.  Kerr:[5]            That's correct, Your Honor.

[. . .]

The Court:               You and the State have agreed that you will be
                         referred to the JSP program and, if you are not eligible
                         for JSP, we will proceed to sentencing.  Is that your
                         understanding?

The Defendant:           Yes, sir.

The Court:               Did you review the agreement with your lawyer?

The Defendant:           Yes, Your Honor.

The Court:               Did she explain it to you?

The Defendant:           Yes, she did.

The Court:               Do you have any questions about it?  If you have any

---

[4] Ms. Keller was the state prosecutor in Mr. Stafford's case.

[5] Ms. Kerr was Mr. Stafford's attorney in his case.

> questions, now is the time to ask and now is the time
> to clarify.

The Defendant:     No sir.

*Doc. 8*, Exhibit F at 5-7.  The plea colloquy clearly shows that Mr. Stafford was made

aware of the terms of the plea agreement, including the provision which said that he

was merely being referred to JSP, and if he was found ineligible, he would return to

court and be sentenced at that time.  Nowhere in the written plea agreement, nor in the

transcript of the plea hearing, did the prosecutor imply or promise that by taking the

plea agreement, Mr. Stafford would be entitled to participate in JSP.  Rather, the state

promised that it would refer Mr. Stafford to JSP, and if he was found ineligible, he

would return to court for sentencing.

A review of the record reveals that Mr. Stafford was in fact referred to JSP to

determine his eligibility.  Prior to his sentencing hearing, the Pretrial Services Division

of the Second Judicial District of New Mexico found Mr. Stafford ineligible for JSP.  *Doc.*

*8*, Exhibit D.  The document evidencing this finding of ineligibility reads:

> After careful investigation and review, this defendant does not meet
> Pretrial Services eligibility criteria based on Rule 5-401 Rules of Criminal
> Procedure for the District Court, Article 4, Release Provision as follows:
>  . . .
> [ x ]     5-401 B.  5.  Failure to Appear history (Extensive Criminal History).

*Id.*  Through this referral, the state satisfied its obligation under the plea

agreement.

In his petition, Mr. Stafford places great emphasis on a JSP interview which he did not attend because of an alleged lack of notice. However, his plea agreement did not promise an interview, only a referral to JSP for an eligibility determination. He received that referral. Moreover, although Mr. Stafford seems to believe that he was found ineligible as a result of missing the interview,[6] the basis of ineligibility given by Pretrial Services and the court was Mr. Stafford's criminal history. As the judge explained, "I have agreed with the PSR's recommendation because of the - - because of Mr. Stafford's prior history. He has an extensive criminal record that spans from 1984 to the present...." *Doc. 8*, Exhibit F at 19.

Accordingly, Mr. Stafford fails to state a cognizable claim that the state violated the plea agreement by not allowing him to participate in JSP.

2.    Independent Entitlement to JSP:

Given that the plea agreement did not promise Mr. Stafford that he would participate in JSP, Mr. Stafford may argue that he was otherwise entitled to participate

---

[6] Mr. Stafford's belief on this point may come from his attorney's remarks at the sentencing hearing about conversations with Rachel Saiz, who presumably worked for the District Attorney's Office, regarding Mr. Stafford's interview with JSP. *Doc. 8*, Exhibit F at 16. Mr. Stafford's attorney informed the court that Ms. Saiz said that Mr. Stafford failed to show up for his interview, "and he failed to call to reschedule with Dr. Harrington after which he would have been interviewed by Ms. Sedillo. Given his history and failure to follow this appointment, he has been deemed ineligible." *Id.* Notably, neither the judge nor the prosecutor at the sentencing hearing indicated that missing the interview formed any part of the basis for the ineligibility. *Id.* at 15-21.

in the program.  Acceptance into JSP, however, is a discretionary decision made by the

Pretrial Services Division of the Second Judicial District of New Mexico.  *See Doc. 8*,

Exhibit D.  Given the nature of the program and the discretion regarding acceptance,

petitioner has no independent basis to claim entitlement to JSP.  *See Montero v. Meyer*, 13

F.3d 1444, 1447 (10th Cir. 1994) (In order to establish a protected liberty interest, a

person must have "a legitimate claim of entitlement to it"); *see also Brown v. Chandler*,

111 Fed. Appx. 972, 975-76 (10th Cir. Oct. 6, 2004) (affirming summary judgment for the

defendant on a claim involving denial of placement in a psychiatric treatment program

when the plaintiff had failed to establish a "vested, nondiscretionary, personal

entitlement" to treatment under Oklahoma law and no such right existed under federal

law); *Hall v. Safle*, 10 Fed. Appx. 768, 771-72 (10th Cir. May 31, 2001) (affirming the

district court's determination that an Oklahoma prisoner lacked a protected liberty

interest in sex offender treatment when state law gave prison officials "wide discretion"

to dictate eligibility); *Hashman v. Heil*, 16 F.3d 416, 1994 WL 6798 *1-3 (10th Cir. Jan. 11,

1994) (rejecting a due process claim because the prisoner lacked a constitutional right to

placement in a sex offender treatment program).  Accordingly, Mr. Stafford fails to state

a cognizable claim that he was entitled to participate in JSP on the basis of some right

outside of his plea agreement.

3.      Findings at Sentencing Hearing Improperly Based on Hearsay:

        Mr. Stafford's last contention is that, at the sentencing hearing, the state court

improperly found him ineligible for JSP by depending on the hearsay statements of a

District Attorney about Mr. Stafford missing the JSP interview.

It is clearly established state and federal law that the general rules of evidence do

not apply during sentencing hearings and judges have broad discretion when it comes

to considering evidence at these hearings.[7]  Hearsay is not prohibited at sentencing

proceedings and, therefore, Mr. Stafford's claim of error fails as a matter of law.  *See,*

*United States v. Hershberger*, 962 F.2d 1548, 1554 (10th Cir. 1992).

Moreover, this claim is also based on Mr. Stafford's mistaken belief that his

ineligibility finding was based upon his failure to attend the interview with the JSP

personnel.[8]  As explained above, the basis of ineligibility given by Pretrial Services and

the court was Mr. Stafford's criminal history.  The judge "agreed with the PSR's

recommendation because of the - - because of Mr. Stafford's prior history."  *Doc. 8*,

Exhibit F at 19.  The judge further explained:

He has an extensive criminal record that spans from 1984 to the present,

---

[7] For New Mexico state standard, *see State v. Gardner*, 134 N.M. 294, 306 (2003) (recognizing that a trial court has "broad statutory authority to consider at sentencing 'whatever evidence or statements it deems will aid it in reaching a decision'") (quoting § 31-18-15.1(A)); *see also State v. Wilson*, 130 N.M. 319, 326 (2001) ("[O]ur case law allows the court discretion to consider almost any relevant factor or evidence in determining the appropriate sentence").  For federal standard, *see e.g., U.S. v. Hershberger*, 962 F.2d 1548, 1554 (10th Cir. 1992) (neither the Federal Rules of Evidence nor the Confrontation Clause apply to non-capital sentencing proceedings); *United States v. Mata*, 145 Fed. App'x 276, 279 n. 1 (10th Cir. 2005) (*Crawford* opinion did not change this legal fact).

[8] *See supra* note 6.

11

and it starts in '84 with assault and criminal damage to property, misdemeanor; and in '85, burglary of a dwelling house.  It was nolle prosequi.  Then in '86, we have a burglary charge.  He was convicted of that one.  In '87, unlawful taking of a motor vehicle.  So there is a continuous pattern of criminal activity.  And today he is being sentenced on residential burglary and conspiracy to commit receiving or transferring a stolen vehicle, so the same larcenous conduct continues.  The Court notes that back in 1995, he was sentenced to serve ten years at DOC, and Mr. Stafford is back in the system.

*Id.*  Notably, neither the judge nor the prosecutor at the sentencing hearing indicated that missing the interview formed any part of the basis for the ineligibility.  *Id.* at 15-21.

Given that the sentencing court's judgment was not improperly based on hearsay, this claim also must fail.

## CONCLUSION

In light of all the evidence in the record, the Court finds Mr. Stafford has failed to allege a basis that would entitle him to habeas relief.  Mr. Stafford has not established that his plea agreement was violated by the refusal to allow him to participate in JSP.  Given that he had no independent basis to establish a constitutional entitlement to participate in the program, the state did not violate any constitutional right by denying his participation.  Finally, the allegation of a violation of Mr. Stafford's confrontation rights at the sentencing hearing is without merit because the sentencing court's judgment was not improperly based on hearsay.  Therefore, Mr. Stafford's petition should be dismissed with

prejudice.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

Mr. Stafford's § 2254 habeas petition be dismissed with prejudice for

failure to state a cognizable claim for habeas relief.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____

UNITED STATES MAGISTRATE JUDGE